MARKS & ROSENFELD, INC. *v.* UNITED STATES

No. 7447.—Invoices dated Stoke on Trent, England, February 1945, etc.
Certified March 1945, etc.
Entered at New York, N. Y., April 11, 1945, etc.
Entry Nos. 727766; 726043.

(Decided November 20, 1947)

*Seigel, Mandell & Davidson* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: These appeals for reappraisement have been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

A. W. SALTER & CO., INC. *v.* UNITED STATES

No. 7448.—Invoice dated London, England, April 23, 1946.
Certified April 24, 1946.
Entered at New York, N. Y., May 24, 1946.
Entry No. 763146.

(Decided November 20, 1947)

*Jordan & Klingaman* for the plaintiff.
*Paul P. Rao,* Assistant Attorney General, for the defendant.

JOHNSON, Judge: This appeal for reappraisement has been submitted for decision upon the following stipulation of counsel for the parties hereto:
(Stipulation omitted.)
On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.
Judgment will be rendered accordingly.

EDWARD BOOTE ET AL. *v.* UNITED STATES

No. 7449.—Invoices dated Birmingham, England, July 1945, etc.
Certified July 1945, etc.
Entered at New York, N. Y., August 7, 1945, etc.
Entry No. 705229, etc.

(Decided November 20, 1947)

*Benjamin A. Levett* for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importers on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

F. W. WOOLWORTH CO. *v.* UNITED STATES

No. 7450.—Invoices dated Hanley, England, April 1944, etc.
Entered at New York, N. Y., June 12, 1944, etc.
Entry No. 736911/4, etc.

(Decided November 20, 1947)

*Sharretts & Hillis* (*Howard C. Carter* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.

JOHNSON, Judge: The appeals for reappraisement listed in schedule A, hereto attached and made a part hereof, have been submitted for decision upon the following stipulation of counsel for the parties hereto:

(Stipulation omitted.)

On the agreed facts I find the export value, as that value is defined in section 402 (d) of the Tariff Act of 1930, to be the proper basis for the determination of the value of the merchandise here involved, and that such values are the appraised values, less the additions made by the importer on entry because of advances by the appraiser in similar cases.

Judgment will be rendered accordingly.

H. S. DORF & CO., INC., *v.* UNITED STATES

No. 7451.—Invoices dated London, England, June 1943, etc.
Certified June 1943, etc.
Entered at New York, N. Y., August 14, 1943, etc.
Entry No. 705050, etc.

(Decided November 24, 1947)

*Barnes, Richardson & Colburn* (*Hadley S. King* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General, for the defendant.